UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

CARRINGTON AT STONEBRIDGE )
CONDOMINIUM ASSOCIATION, )
                                                             )
    Appellant/Creditor, )
                                                            )
  v. ) CIVIL NO. 2:14cv270
                                                             ) (Bankruptcy No. 10-20144 kl)
GEORGE P. GALANOS, )
                                                            )
    Appellee/Debtor. )

## OPINION AND ORDER

This matter is before the court on an appeal from the Bankruptcy Court. The Appellant/Creditor, Carrington as Stonebridge Condominium Association, filed its brief on November 14, 2014. The Appellee/Debtor, George P. Galanos, filed his brief on November 26, 2014.

For the following reasons, the Decision of the Bankruptcy Court will be affirmed.

### Discussion

On January 19, 2010, the Appellee/Debtor filed a Voluntary Petition for Relief under Chapter 13 of the Bankruptcy Code. The Appellant/Creditor is a secured creditor of the Debtor in the approximate amount of $120,000.00, and holds a secured interest in the luxury condominium owned by the Debtor at 2310 Carrington Court, Unit 103, Naples, Florida (the "Naples Condo"), which is not the Debtor's primary residence.

Although the Debtor has now filed three separate Chapter 13 Plans with the Bankruptcy Court during the past five years, the Plan has not yet been confirmed. The original confirmation hearing was scheduled for July 7, 2010 and the most recent pre-hearing on the Plan was held by the Bankruptcy Court on September 16, 2014.

The Debtor filed numerous objections to the claims of creditors, including the pre-petition Proofs of Claim filed by the Appellant/Creditor. The Proofs of Claim are evidenced by a Judgment entered against the Debtor prior to the commencement of the bankruptcy case. On November 14, 2013, the Debtor stipulated that the claims of the Creditor should be treated as fully secured under the Plan. The Debtor also agreed to the principal amount due and owing, but disputed the attorney fees claimed by the Creditor.

The Creditor holds two different claims against the Debtor: (1) a fully secured claim for unpaid assessments and maintenance services for the Naples Condo, and (2) a fully secured claim for related charges and services at the Stonebridge Country Club.

The Debtor has failed to pay his post-petition obligations to the Creditor and is also in default on his payments to the Chapter 13 Trustee. As a result the secured claims have tripled in size.

In the Plan, the Debtor acknowledges the pre-petition secured claims of the Creditor and proposes to pay the Creditor $1,157.55 per month during the life of the Plan. However, the Debtor has failed to pay the Creditor its ongoing monthly obligations during the past 58 months. Thus, the total amount now owing to the creditor is $119,765.62.

The sole factual dispute on appeal is whether the Creditor should be allowed to assess the attorney fees and costs to its fully secured claims against the Naples Condo. The amount in controversy is $24,020.80 and covers both the litigation before the Chapter 13 case was filed in January of 2010 and the amounts expended in defending against the Debtor's objections to the Creditor's claims and filing several objections to the Plan.

The Bankruptcy Court determined that none of the attorney fees and costs should be

allowed and entered an Order to that effect on May 23, 2014.   The procedure leading up to this Order is as follows.

On or about October 4, 2012, the Bankruptcy Court held a partial hearing and issued its Order where the Creditor and Debtor stipulated in open court that Creditor will file on or before November 1, 2012, an itemized statement setting out all of the attorney fees its claims and how interest on its claim is calculated.  The parties further stipulated that the Debtor will within 30 days thereafter file a detailed, line-item objection as to each discrete entry on the statement that Debtor asserts is objectionable setting out a factual or legal basis for any such objection.  The Bankruptcy Court ordered that the attorney fee claim by Creditor shall be a detailed chronological statement on a daily basis by the tenth of the hour of the services rendered, time expended and expenses; and, that said statement shall set out specifically who performed each item of service, and the hourly rate charged for the services of each person.

It is undisputed that the Creditor failed to comply with the stipulated November 1, 2012 deadline for the filing of its itemized statement.  Thus, on December 12, 2012, the Debtor filed its "Notice of Expiration of Time to File Evidence and For Court to Rule on Matters Previously Submitted."   In response, on January 17, 2013, the Bankruptcy Court filed an "Order to Show Cause Why Motion and As Assignee of Stonebridge Condo Association ("Carrington"), and As Assignee of Stonebridge Country Club ("Stonebridge") Should Not Be Dismissed For Want of Prosecution as to Attorney's Fees Only Pursuant To Order Dated October 5, 2012 (Docket No 486)" directed to Appellant/Creditor for its failure to comply with the Court imposed deadline of November 1, 2012 to file its itemized statement setting out all of the attorney fees it claims by it and how interest on its claim is calculated.

On or about February 8, 2013, Appellant/Creditor filed an "Objection of Carrington At Stonebridge Condominium Association to the Order to Show Cause Issued by the Court" as its response to the Bankruptcy Court's "Order to Show Cause" along with its statement setting out all of the attorney fees it claims. However, the statement of attorney fees claimed by Appellant/Creditor failed to comport with the Bankruptcy Court's Order of October 5, 2013 which specifically ordered that Appellant/Creditor file an itemized statement setting out all of the attorney fees it claims, how interest on its claim is calculated in a detailed chronological statement on a daily basis by the tenth of the hour of the services rendered, time expended and expenses, along with specificity on who performed each item of service, and the hourly rate charged for the services of each person.

On or about February 24, 2013 and as provided by the Bankruptcy Court's Order of October 5, 2012, Appellee/Debtor filed its "Debtor's Rebuttal & Objection to the Objection of Carrington at Stonebridge Condominium Association to the Order to Show Cause Issued by the Court" whereas it detailed, by line-item objection as to each discrete entry on the statement of attorney fees claimed by Appellant/Creditor that Appellee/Debtor asserted is objectionable, setting out a factual or legal basis for any such objection. In its rebuttal and objection, Appellee/Debtor specifically objected that the total attorney fees claimed along with the costs and expenses being sought were excessive and not reasonable; did not comport with the Bankruptcy Court's Order of October 5, 2012. Appellee/Debtor further objected and specifically pointed out that unreasonable services were rendered.

On or about April 24, 2013, the Bankruptcy Court held a Telephonic Status Conference where it withdrew its Show Cause Order but raised *sua sponte* the threshold legal issue of

whether Appellant/Creditor may be awarded an administrative expense claim per 11 U.S.C. §503(b)(3)(D) in a chapter 13 case.

On or about November 18, 2013, the Bankruptcy Court held a Status Conference. At the Status Conference, the parties stipulated that the Application for Administrative Expenses filed by Appellant/Creditor will be deemed to be treated as a Motion to Allow a Secured Claim rather than an Administrative Claim. Appellee/Debtor stipulated that it would allow and pay the principal amount of said claim but objected to the fees and expenses with said issue to be decided by the Bankruptcy Court. At the Partial Hearing held on or about October 4, 2012, the Parties, Appellant/Creditor and Appellee/Debtor, stipulated (Order of October 5, 2012) that the principal amount of said claim for Carrington is $7,350.00 for quarter ending September 30, 2012 and the amount of said claim for Stonebridge is $12,986.00 for quarter ending September 30, 2012.

On or about May 23, 2014, the Bankruptcy Court decided the issue of attorney fees and expenses and issued its *Memorandum Opinion and Order on Motion of Carrington At Stonebridge Condominium Association and As Assignee of Stonebridge Country Club to Compel Debtor to Pay Administrative Expenses and the Objection Thereto By The Chapter 13 Debtor George P Galanos, Pro Se* and *Order* which denied Appellant/Creditor's fee request in its entirety. Appellant/Creditor has appealed this decision by the Bankruptcy Court to this Court pursuant to 28 U.S.C. §158.

A bankruptcy court's legal conclusions are reviewed *de novo* and its findings of fact for clear error. *Kovacs v. U.S.*, 614 F.3d 666, 672 (CA 7, 2010). Where the Bankruptcy Code commits a decision to the discretion of the bankruptcy court, the reviewing court reviews that decision only for abuse of discretion. *In re Fortney*, 36 F.3d 701, 707 (CA 7, 1994). A court

5

abuses its discretion when its decision is premised on an incorrect legal principle or a clearly erroneous factual finding, or when the record contains no evidence on which the court rationally could have relied. *Wiese v. Cmty Bank of Cent. Wis.*, 552 F,3d 584, 588 (CA 7, 2009). A finding is "clearly erroneous" when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. *In re Smith*, 582 F3d 767, 777 (CA 7, 2009). If the bankruptcy court's account of the evidence is plausible in light of the record viewed in its entirety, the reviewing court will not reverse its factual findings even if the reviewing court would have weighed the evidence differently. *Stamat v. Neary*, 635 F3d 974, 979 (CA 7, 2011).

In the present case, Appellant/Creditor's appeal of the Bankruptcy Court's Decision is not based upon the findings of fact by the Bankruptcy Court. Appellant's appeal is seeking review of the Bankruptcy Court's decision based upon its belief that the Bankruptcy Court erred in its legal conclusions.

The case cited by Appellant/Creditor, *Sun 'n Fun Waterpark,, LLC*, 408 BR 361 (CA 10 BAP, 2009) deals with pre-petition attorney fees. The holding of *Sun 'n Fun Waterpark* holds that Bankruptcy Rule 2016 does not apply to pre-petition attorney fees. Pre-petition fees are not at issue in this case. Thus, the holding of *Sun 'n Fun Waterpark* is not applicable to the case at bar.

This Court holds that the Bankruptcy Court did not err in its Decision denying Appellant/Creditor's fee application. Appellant/Creditor failed to comply with the Order of October 5, 2012 which specifically expressed the parameters for submission of the itemized attorney fee statement for the Bankruptcy Court's consideration. Appellee/Debtor objected to the

fees and expenses sought by Appellant/Creditor as being excessive and not reasonable. See *In Re Pierce*, 165 B.R. 252 (Bankr, N.D. Ind., 1994). Appellee/Debtor further objected to the hourly rate charged by the attorney for Appellant/Creditor as being excessive of the prevailing hourly rate in the District, along with the amount of time expended as being excessive and not reasonable. Appellee/Debtor further objected to the fee application as set out in the various attorney fee statements filed as not comporting to the expressed parameters as set forth specifically in the Bankruptcy Court's Order of October 5, 2012, including duplicative charges by multiple entities for the same service.

Fed R Bank Pro R 2016 provides in relevant part the requirements for an entity seeking compensation. The Rule states that an entity seeking compensation must set forth a detailed statement of the services rendered, time expended and expenses incurred, along with the amounts requested. Fed R Bank Pro R 2016. All of the necessary information for the court to decide a fee application must be in the fee application itself. The applicant has the burden of proof to show entitlement to fees. *In re Pettibone Corp*, 74 B.R. 293, 299 (Bankr. N.D. Ill., 1987). The failure to do so justifies the rejection of the request for fees. *Matter of Central Ice Cream Co.*, 836 F3d 1068, 1074 (CA 7, 1987).

In deciding a fee application, the District Court for the Northern District of Indiana in *Cohen & Thiros, PC v. Keen Enterprise, Inc.,* 44 B.R. 570 (N.D. Ind., 1984) held that "the records must reveal not only the duration, but the substance of the activity" and that "an acceptable fee petition will list each activity, its date, the attorney performing the work, a specific description of the subject matter, and the time spent on each activity." *Cohen & Thiros, PC*, 44 B.R. at 573, as cited by the Bankruptcy Court in its Decision. The fees requested must be

7

determined within a reasonable time and the failure to do so may warrant denial of the application. *Matter of Central Ice Cream Co.,* 836 F.2d at 1074 cited in *Matter of Hunt's Health Care, Inc.,* 161 B.R. 971 at 980 (Bankr. N.D. Ind.,1993).

Minimum billing time should be in one-tenth of an hour which is reasonable and the more accurate method of time keeping. *In re Wabash Valley Power Ass'n, Inc.*, 69 B.R. 471, 478 (Bankr. S.D. Ind., 1987). Time records must show how time was spent with specificity versus generality. *In re Pettibone*, 74 B.R. at 301. Lumping of time entries is not appropriate and may be grounds to deny compensation. *Cohen & Thiros, P.C.*, 44 B.R. at 573.

A court's discretion to award a reasonable attorney fee extends to more than just whether a fee will be awarded, its discretion may result in no award for attorney fees. *Brown v Stackler,* 612 F.2d 1057, 1059 (CA 7, 1980), cited in *In Re Pierce*, 165 B.R. at 254. The court's discretion encompasses not only whether a fee will be awarded but also the "the quantum of the fee to be awarded." *supra.* An applicant seeking an attorney fee award must exercise "billing judgment":

> "Cases may be overstaffed, and the skill and experience of lawyers vary widely, Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission. In the private sector, billing judgment is an important component in fee setting. It is no less important here. Hours that are not properly billed to one's client are not properly billed to one's adversary . . ." *Hensley v. Eckerhart*, 461 U.S. 424, 434; 103 S.Ct. 1933, 1939-40; 76 L.E.2d 40 (1983).

Billing entries which are vague are impossible to evaluate and determine whether "appropriate billing judgment" was exercised. See *Tully v. Haughee*, (*In Re Haughee*) Case No.: 05- 68688 jpk Adv No 06-6079 at 33 (Bankr. N.D. Ind., 2012) citing to *Needham v. Innerpac,*

*Inc.,* 2008 WL 5411638, 2 (N.D. Ind., 2008). The burden is on the applicant seeking an attorney fee award to demonstrate that the charges are reasonable and properly billed. *In Re Haughee, supra.* Also see *In re Hunt's Health Care, Inc.,* 161 B.R. 971 at 976 (Bankr. N.D. Ind., 1993).

In the case at bar, the Bankruptcy Court properly decided the fee application of Appellant/Creditor in its Decision of May 23, 2014. The Bankruptcy Court specifically found that none of the attorney fee statements filed with the Bankruptcy Court complied with the Bankruptcy Court's Order of October 5, 2012. In addition, the Bankruptcy Court found that many of the entries in the fee application were replete with numerous entries that constitute improper lumping or which were duplicative. Further, the Bankruptcy Court found that many of the entries were made by other unidentified entities – and without disclosure of that entity's identity, hourly rate or position. Moreover, the Bankruptcy Court found that many of the entries were vague and impossible to evaluate. Thus, the Bankruptcy Court found that it could not determine whether proper billing judgment was not exercised. Having failed to comply with the expressed parameters as set out in its Order of October 5, 2012, the Bankruptcy Court found that Appellant/Creditor failed to meet its burden. As a result of Appellant/Creditor failing to meet its burden, the Bankruptcy Court denied its fee application in its entirety. It is abundantly clear that the Bankruptcy Court's Decision was well within its discretion. Accordingly, the Decision of the Bankruptcy Court should be affirmed and the appeal of the Appellant/Creditor denied.

<u>Conclusion</u>

On the basis of the foregoing, the Decision of the Bankruptcy Court is hereby AFFIRMED.

Entered: January 26, 2015.

s/ William C. Lee<br>
William C. Lee, Judge<br>
United States District Court